CV 14 - 00919

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMON, CH.J.

———————————————————————X

PETER MANZANET,

                    Plaintiff,                          **COMPLAINT**

        -against-                               PLAINTIFF DEMANDS
                                                TRIAL BY JURY
THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY NEVANDRO, shield #30398,                POLLAK, M.J
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                    Defendants.                         ORIGINAL

———————————————————————X

Plaintiff PETER MANZANET, for his complaint, by his attorney LAW OFFICE OF

DAVID A. ZELMAN, and upon information and belief respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which PLAINTIFF PETER MANZANET (hereinafter

"MANZANET") seeks damages to redress the deprivation, under color of state law, of

rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United

States Constitution. On or about July 18, 2012 at approximately 2:05 P.M., MANZANET

was falsely arrested by employees of the City of New York, including but not limited to

POLICE OFFICER ANTHONY NEVANDRO, shield #30398.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides

for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

Constitution and laws of the United States.  This Court has pendant jurisdiction over

Plaintiff's state law claims.

## III. PARTIES

3.  MANZANET at all times relevant hereto resided in Brooklyn, NY.

4.  Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.  Defendant POLICE OFFICER ANTHONY NEVANDRO, shield #30398 (hereinafter "NEVANDRO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. NEVANDRO is sued in his official and individual capacity.

6.  Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

7.  At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8.  On July 18, 2012, at approximately 2:05 P.M., MANZANET was in front of 4002 Third Avenue in Brooklyn, NY, where police were escorting an individual out of the building.

9.    Police officers, including but not limited to NEVANDRO, asked MANZANET for identification, which he provided. The officers then handcuffed and arrested MANZANET.

10.   MANZANET was transported to the 72nd Precinct and placed in a holding cell. MANZANET was detained in the precinct until approximately 4:00 A.M. on July 19, 2012, when he was released without being charged.

11.   On or about the 18th day of October, 2012, MANZANET's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of MANZANET, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

12.   That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

13.   Paragraphs 1 through 12 of this complaint are hereby realleged and incorporated by reference herein.

14.   That Defendants had neither valid evidence for the arrest of MANZANET nor legal cause or excuse to seize and detain him.

15.   That in detaining MANZANET without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants

and employees routinely charged persons with crimes they did not commit. MANZANET was but one of those persons.

16.   Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

17.   As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

18.   The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of MANZANET's rights alleged herein.

19.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MANZANET's rights, subjected MANZANET to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

20.   By reason of the foregoing, MANZANET suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL INVESTIGATORY DETENTION)

21.   Paragraphs 1 through 20 of this complaint are hereby realleged and incorporated by reference herein.

22.   That Defendants stopping MANZANET constituted a seizure.

23.   That Defendants had neither valid evidence nor legal cause or excuse to seize and detain MANZANET.

24.   That in detaining MANZANET without reasonable suspicion that criminal activity had occurred or was about to occur, Defendant CITY abused its power and authority as a policymaker of the NYC TLC under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely stopped persons without reasonable suspicion of criminal activity. MANZANET was but one of those persons.

25.   Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

26.   As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

27.   The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of MANZANET's rights alleged herein.

28.    By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MANZANET's rights, subjected MANZANET to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

29.    By reason of the foregoing, MANZANET suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

30.    Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31.    That Defendants had no legal cause nor excuse to detain MANZANET for a prolonged period prior to arraignment.

32.    That Defendants detained MANZANET excessively prior to arraignment in violation of MANZANET's civil rights.

33.    That Defendants detained MANZANET with ill will and/or negligently.

34.    That Defendants should have expeditiously investigated this matter and released MANZANET.

35.    By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MANZANET's rights, deprived MANZANET of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

36.    That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

37.    That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

38.    That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

39.    That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of MANZANET's rights alleged herein.

41.    That Defendant, through its officers, agents and employees, unlawfully incarcerated MANZANET for an excessive period of time prior to arraignment.

42.    By reason of the foregoing, MANZANET suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, MANZANET has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, MANZANET respectfully requests that judgment be entered:

1.   Awarding MANZANET compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding MANZANET punitive damages in an amount to be determined by a jury;

3.   Awarding MANZANET interest from July 18, 2012;

4.   Awarding MANZANET reasonable attorney's fees pursuant to 42 USC § 1988; and

5.   Granting such other and further relief as to this Court deems proper.

DATED:      Brooklyn, New York
            February 11, 2014

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072